```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION
```

SERGEY AND IRIANA VICHES, et al.,

        Plaintiffs,

                              CIVIL CASE NO. 98-40395

v.

NORTHWEST AIRLINES, et al.,      HONORABLE PAUL V. GADOLA
                                     U.S. DISTRICT COURT
        Defendants,

v.

MARK TRAVEL VACATIONS/THE MARK
TRAVEL CORP., and CITIBANK, N.A.,

        Garnishees.
_____/

## ORDER GRANTING GARNISHEES' MOTIONS FOR RELIEF FROM DEFAULT JUDGMENT

    Before the Court are Garishee Mark Travel's motion for relief from default judgment, filed on April 4, 2005, and Garnishee Citibank's motion to set aside default judgment, filed on May 10, 2005.  Neither Mark Travel's, nor Citibank's motion has been opposed by the filing of a response.  Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available."  See E.D. Mich. Local R. 7.1(b) (emphasis added). Local R. 7.1(d)(2)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion. E.D. Mich. Local R. 7.1(d)(1)(B).  Accordingly, the

response to Mark Travel's motion was due on approximately May 2, 2005, and the response to Citibank's motion was due on approximately June 3, 2005. See Fed. R. Civ. P. 6(e). Since no response has been filed for either motion, the motions are unopposed.

Default judgments may be set aside in accordance with Federal Rule of Civil Procedure (60)(b). Fed. R. Civ. P. 55(c). Rule 60(b) provides, in part, that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." The Sixth Circuit has held:

> Where a party seeks relief from a default judgment, Rule 60(b)(1) should be applied equitably and liberally to achieve substantial justice. In deciding whether relief is warranted, three factors are relevant: (1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense.

Williams v. Meyer, 346 F.3d 607, 613 (6th Cir. 2003)(quotation, citation, and footnote omitted).

The Court has examined Mark Travel's and Citibank's arguments and concludes that both garnishees have carried the burden necessary to obtain relief from default judgment. Thus, for the reasons stated in the respective motions and accompanying briefs of Mark Travel and Citibank, the Court will set aside the default

judgments entered against both garnishees.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the "Default Entry and Judgment" entered against Garnishee Mark Travel on February 18, 2005 [docket entry 143] is set aside.

**IT IS FURTHER ORDERED** that the "Default Entry and Judgment" entered against Garnishee Citibank on February 18, 2005 [docket entry 145] is set aside.

**SO ORDERED.**


Dated: June 16, 2005
                                              s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on June 17, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  Peter T. Mooney, Kathryn L. Ossian, James M. Pelland , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  Harvey K. Babcock, John W. Mulcrone, Donald H. Robertson, Richard J. Ward, Greg Zlatopolsky  .

                                              s/Tammy Hallwood
                                              Tammy Hallwood, Deputy Clerk
                                              (810) 341-7845